Cabbthees, J.,
delivered the opinion of the court.
This is an action of replevin for a sorrel mare, of the value of-$75. There were two verdicts for the defendant, and from the judgment of the court refusing a new trial, an appeal is taken to this court.
The mare was bought by the plaintiffs from Thomas Hodge in 1848, and left in his possession as a loan, with liberty to repurchase her by the 25th December, following. She remained in the possession of Hodge in 1848-9, except a part of the latter .year, she was taken by the plaintiffs into their possession, but returned again to Hodge, who all the time stated that she belonged to the plaintiffs. Early in 1850, Hodge swapped off the said mare to defendant Perry. There was proof tending to *316 show that the mare never was the property of Thomas Hodge, hut had been given when a small colt to his son Oalvin Hodge, who was an infant, and lived with his father the said Thomas.
The only questions made here, are upon the chai’ge of the court. His Honor charged the law to be, that it was competent for the defendant in this action, to show that the title to the property replevied was not in the plaintiff, but some third person, and thereby defeat the action, and that in this case, the fact that the mare was loaned to Thomas Hodge by the plaintiffs after their purchase from him, would not estopp the defendant from relying upon this defense.
The peculiar and distinct object of this action, is to recover in specie some personal chattel, which has been taken and detained from the owner’s possession, with damages for the detention.
To this action there were various pleas before our Statute of 1846, ch. 65, § 7, which provides that under the plea of not guilty, all special matters of defense may be given in evidence. By the common law, the general issue was non cepit, which admits the plaintiffs title, and only puts in issue the taking of the property. But besides this plea, the defendant might also plead specially, that the property was either in himself or another, and traverse the right of the plaintiff.
Under this plea the material enquiry is, as to the property of the plaintiff, which he must be prepared to prove.
If this issue is found against him, that is, that the property is not in him, he cannot succeed. 2 Greenl. Ev., 563.
*317 Since the passage of our act, no special pleas are necessary, Rut all matters of defense by the general law may be relied upon under the single plea of not guilty.
The plaintiff cannot succeed then, unless he is prepared to prove either a general or special property in himself, and will be defeated if the proof shows that the right to the property and possession is in a stranger.
This is not a case for the application of the doctrine of estoppel, and is not analogous to the case of landlord and tenant. The defendant - is not the bailee of the plaintiffs. He claims by purchase or exchange, and cannot be regarded as standing in the shoes of Thomas Hodge, in regard to his relations to. the plaintiffs. It is not necessary to decide how the law would be upon this question, if the suit were against Thomas Hodge. It is enough for this case to say, that the present defendant has a right to shew that the plaintiffs have no title, or that the legal right to the property is outstanding in Calvin Hodge, or any one else; and if he succeeds in doing so, the plaintiffs must be defeated,
The judgment will be affirmed.